**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| DALWAR SINGH HUNJAN; DALJIT KAUR HUNJAN,<br><br>                    Petitioners,<br><br>    v.<br><br>ERIC H. HOLDER, Jr., Attorney General,<br><br>                    Respondent. | No. 08-74468<br><br>Agency Nos. A097-602-768<br>                    A097-602-769<br><br>MEMORANDUM[*] |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted October 9, 2012[**]

Before:    RAWLINSON, MURGUIA, and WATFORD, Circuit Judges.

Dalwar Singh Hunjan and Daljit Kaur Hunjan, natives and citizens of India,

petition pro se for review of the Board of Immigration Appeals' ("BIA") order

dismissing their appeal from an immigration judge's ("IJ") decision denying their

---

     [*]     This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

     [**]     The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). We have jurisdiction under 8 U.S.C. § 1252. We review for substantial evidence the agency's factual findings, including adverse credibility determinations, and we review de novo questions of law. *Rivera v. Mukasey*, 508 F.3d 1271, 1274-75 (9th Cir. 2007). We deny the petition for review.

Substantial evidence supports the agency's adverse credibility determination because Hunjan's asylum application omitted his participation in a political meeting on the day of his arrest in 2003, *see Kin v. Holder*, 595 F.3d 1050, 1056-57 (9th Cir. 2010) (participation in political demonstration omitted), and the agency reasonably rejected his explanation for the omission, *see Zamanov v. Holder*, 649 F.3d 969, 974 (9th Cir. 2011). Further, substantial evidence supports the agency's adverse credibility determination based on the IJ's negative assessment of Hunjan's demeanor when confronted with inconsistencies in his claim. *See Singh-Kaur v. INS*, 183 F.3d 1147, 1151 (9th Cir. 1999) ("special deference" given to credibility determinations that are based on demeanor). In the absence of credible testimony, petitioners' asylum and withholding of removal claims fail. *See Farah v. Ashcroft*, 348 F.3d 1153, 1156 (9th Cir. 2003).

Because petitioners' CAT claim is based on the same testimony found to be not credible, and they do not point to any other evidence that shows it is more likely than not that they would be tortured if returned to India, substantial evidence also supports the denial of CAT relief. *See id.* at 1156-57. Petitioners' contention that the agency failed to consider their CAT claim is belied by the record.

Finally, we reject petitioners' contention that dismissal of their appeal by a single member of the BIA violated due process. *See Falcon Carriche v. Ashcroft*, 350 F.3d 845, 851 (9th Cir. 2003); *see also Lata v. INS*, 204 F.3d 1241, 1246 (9th Cir. 2000) (requiring error and prejudice to prevail on due process claim).

**PETITION FOR REVIEW DENIED.**

08-74468